**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**KIMBERLY KINDLE**

**Plaintiff,**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

**Case No.: 3:25-cv-00162**

**Judge William L. Campbell, Jr.**
**Magistrate Judge Alistair Newbern**

---

**INITIAL CASE MANAGEMENT ORDER**

---

Plaintiff Kimberly Kindle ("Plaintiff" or "Ms. Kindle") and Defendant Lincoln National Life Insurance Company ("Defendant" or "Lincoln") file this Proposed Initial Case Management Order and joint report of the parties pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.01. Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and District Judge Campbell. Pursuant to Federal Rule of Civil Procedure 26(f), the parties established the following schedule:

**A. JURISDICTION:** Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), (f).

**B. BRIEF THEORIES OF THE PARTIES**

**1.** Plaintiff:

Ms. Kindle seeks payment of long-term disability ("LTD") benefits under ERISA and the terms of the Plan/Policy at issue. She is disabled from working based on her total right knee replacement, right knee pain, unilateral primary osteoarthritis, right shoulder pain, hip pain, torn rotator

cuff, sleep apnea, and gastroesophageal reflux disease. She can neither squat nor kneel, and she has trouble going up and down stairs.

As for what standard of review that may apply in this particular case, Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), and its progeny. Here, it is plain that Lincoln has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator or claims fiduciary) but also the payer/funding source for any benefits. A showing of this bias will be relevant to the Court's consideration of the ERISA standard of review.

**2.** Defendant:

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits was not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy. Plaintiff received benefits for the full duration of the "own occupation" definition of "totally disabled." However, after a full and fair review, Defendant found that Plaintiff was not eligible for benefits under the "any occupation" definition of "totally disabled." As alternative occupation were identified that Plaintiff could perform with her restrictions and limitations, she was not eligible for further benefits under the policy.

**C. ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper and that Defendant was properly served.

**D. ISSUES STILL IN DISPUTE:**

Whether Plaintiff is entitled to LTD benefits under the provisions of the Lincoln policy at issue (Policy No. GD/GF3-890-LF0122-01) and, if so, the duration and amount(s).

**E. INITIAL DISCLOSURES:** The parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirement for any initial disclosures by Defendant under Rule 26(a). Defendant shall serve Plaintiff with the Administrative Record by **MAY 23, 2025**. Beyond this, no initial disclosures under Rule 26(a) are required of either party.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 2 through 16.05. By **SEPTEMBER 24, 2025,** the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

**G. DISCOVERY:** Neither party has served discovery at this time.

Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made.

Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of

the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record.

Defendant agrees that limited discovery may be appropriate, but reserves all rights with regard to objections to discovery proposed by Plaintiff based on scope or other issues.

Thus, the parties agree to the following plan:

1. Should Plaintiff have any objection to the content of the Administrative Record, such written objection shall be filed on or before **JUNE 6, 2025**.

2. Defendant shall file the Administrative Record with the Court by **JUNE 24, 2025**. If, on this date, objections to the content of the AR are pending, the AR shall be filed within fourteen (14) days of entry of an order resolving the objections.

3. Should Plaintiff seek to take discovery, Plaintiff shall serve or notice such discovery on or before **JULY 24, 2025**. In the event Plaintiff serves discovery, Defendant shall (i) respond/object to the discovery or (ii) notify Plaintiff in writing that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking recovery of an ERISA benefit within the timelines described in the Federal Rules of Civil Procedure. In any event, limited written discovery, if conducted, shall be completed by no later than **OCTOBER 24, 2025**.

4. No discovery dispute may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s).

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint

statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **SEPTEMBER 24, 2025**.

5. Nothing in this proposed discovery plan shall be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**H. MOTIONS TO AMEND OR ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **JULY 24, 2025**.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I. DISCLOSURE OF EXPERTS:** The parties agree that no expert-witness disclosures are necessary.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**: The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they

shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**K. DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case before the filing of dispositive motions. Dispositive motions shall be filed no later than **FEBRUARY 24, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed with 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed facts."

**L. ELECTRONIC DISCOVERY:** The parties will address any e-discovery issues by agreement but do not anticipate the need for discovery of electronically stored information. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**M. MODIFICATION OF CASE MANAGEMENT ORDER**: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the

5 requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS:** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**O. ESTIMATED TRIAL TIME:** While Plaintiff agrees that trials are not typically conducted in ERISA cases, she believes that there may be disputed factual issues that could necessitate a trial on those issues if this case is not resolved by dispositive motions (motions for judgment on the record). Should such a trial be required, Plaintiff estimates that it should last no longer than two days and respectfully requests a trial date no earlier than

As this is an ERISA action, no trial is anticipated by Defendant. However, in the unlikely event that this case is not resolved through settlement or dispositive motions, a bench trial would last approximately 1-2 days. The target trial date is **JULY 14, 2026**.

It is so **ORDERED**.

alistair newbern

ALISTAIR E. NEWBERN
United States Magistrate Judge