**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KIMBERLY KINDLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:25-cv-00162** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

This case is set for a bench trial on Tuesday, July 21, 2026, beginning at 9:00 a.m. in Courtroom 6-B, Fred D. Thompson U.S. Courthouse and Federal Building, Nashville, Tennessee. Counsel for the parties shall appear for a Pretrial Conference on Monday, July 13, 2026, at 2:30 p.m. All lawyers who will participate in the trial must attend the Pretrial Conference.

<u>Information Exchanged but not Filed</u>

By June 29, 2026, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. The authenticity of exhibits should be stipulated to if at all possible. By the same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the trial, in accordance with the procedure set forth in Local Rule of Court 39.01(c)(4). The parties should attempt to agree on additions to the designations necessary to put responses into context.

Pretrial Filing Deadlines

Counsel shall file a Joint Proposed Pretrial Order with the Court by July 6, 2026. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also file with the Court, by July 6, 2026, witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and any stipulations.

Expert Witnesses

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). The Court follows the procedures regarding the presentation of expert testimony as set forth in Local Rule 39.01(c)(5)(E). A copy of the direct testimony of an expert witness, other than a treating physician, must be reduced to writing and filed and served upon opposing counsel no later than June 22, 2026.

The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures and for failure file the direct testimony of an expert witness by the stated deadline.

Motions in Limine and Objections to Experts

By June 29, 2026, the parties shall file any motions in limine and any motions objecting to expert testimony. All such motions shall comply with Local Rule 7.01(a)(1). Any responses to such motions shall be filed by July 6, 2026.

Discovery

Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Federal Rule of Civil Procedure 26(e) and Local Rule 39.01(e). Objections to the use of depositions at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Employment Discrimination Damages

In addition, the parties shall file briefs, on or before July 6, 2026, on what damages are recoverable in this action.

Pretrial Conference

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;



Case 3:25-cv-00162 Document 16 Filed 04/25/25 Page 3 of 4 PageID #: 64

(7) discuss settlement; and

(8) discuss proposed findings of fact and conclusions of law and pretrial briefs.

All pretrial requirements and deadlines set forth in the Local Rules of Court remain in effect unless specifically addressed above.

It is so **ORDERED.**

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE