The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

| | |
|---|---|
| Date: | January 8, 2025 |
| To: | K. CODY ALLISON<br>CODY ALLISON AND ASSOCIATES, PLLC<br>CAVALIER BUILDING<br>95 WHITE BRIDGE RD SUITE #250<br>NASHVILLE TN 37205 |
| Attn: | |
| Fax: | (615) 727-0175 |
| From: | Courtney G.<br>Claim Resolution Specialist<br>Phone No.: (888) 437-7611<br>Secure Fax No.: (603) 334-0401 |
| Total Pages (Including Cover): | 9 |
| RE: | Claim #: 12903776<br>Claimant: Kimberly Kindle<br><br>American Health Companies |

This fax, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify me by telephone at (888) 437-7611 and permanently shred the original and any copy of any fax and any printout thereof.

EXHIBIT

2

**Lincoln/Kindle 0093**

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

January 8, 2025

K. Cody Allison
Cody Allison and Associates, Pllc
CAVALIER BUILDING
95 WHITE BRIDGE RD SUITE #250
NASHVILLE, TN 37205

RE: Long Term Disability (LTD) Benefits
American Health Companies
Claim #: 12903776
Claimant: Kimberly Kindle

Dear K. Cody:

We reviewed your appeal request for Long Term Disability ("LTD") benefits for your client and maintained the decision to deny benefits beyond June 20, 2024.

**Initial Claim Decision**

Kimberly Kindle submitted a claim for her absence from work as of March 22, 2022, as a result of primary osteoarthritis of right knee and knee pain. LTD benefits were approved from June 21, 2022, through June 20, 2024. Benefits beyond June 20, 2024, were denied as our evaluation of this claim file concluded she was no longer disabled as defined by the policy.

The basis for the decision was outlined in a letter sent to Kimberly dated February 23, 2024. Kimberly was notified benefits would be paid through the remainder of the Own Occupation period and would be issued in a lump sum advance payment through June 20, 2024. At that time Kimberly was provided an opportunity to request an appeal review of the denial, stating the reasons why this claim should not have been denied and submit additional information to support this claim. Specifically, Kimberly was advised to submit the following information: *Hospital records, discharge summaries, exam findings, office visit note, referrals, consultations, restrictions, limitations, treatment plans, and any other medical information from all treating providers dated from January 10, 2024, and after from all treating providers. Specifically, any information you feel would support that you are Disabled from Any Occupation as outlined above.*

**Appeal**

On May 24, 2024, we received your letter of representation and request for a copy of the claim file. On May 29, 2024, the requested information was sent to your office. On October 4, 2024, we received your letter of appeal on Kimberly Kindle's behalf.

In the letter of appeal, you noted Kimberly remains disabled from working without limitation due to her total right knee replacement, right knee pain, unilateral primary osteoarthritis, right shoulder pain, hip pain, torn rotator cuff, sleep apnea, and gastroesophageal reflux disease. She can neither squat or knee and has trouble going up and down stairs. Additionally, it is noted in the appeal letter "*Again I have reviewed her job requirements. Given all the issues we are up again-ongoing knee problems, her low back problems, rotator cuff tearing, right shoulder—I really do not see where she physically can return to her prior employment at least at this time*"

Kimberly Kindle's LTD benefits were paid through her own occupation which was determined to be performed at the medium level of physical demand. After June 20, 2024, it must be determined that restrictions and limitations preclude any occupation.

In support of this claim, you submitted the following information:

- May 14, 2024 Return to Work Statement from West Tennessee Bone & Joint signed by Kelly Pucek, MD and office visit notes dated May 14, 2024, March 19, 2024, January 4, 2024, and MRI Right shoulder dated March 15, 2024
- Clinic Provider notes dated February 20, 2024 from Alan Weatherford, PA; Reggie Henderson, MD
- Social Security Award notice and a copy of Social Security Disability File

**Appeal Evaluation**

In January 2024 during the claim evaluation of ongoing benefits, this claim was reviewed by R. Asaro, D.O., an independent physician who is board certified in physical medicine and rehabilitation. Dr. Asaro noted there is a past medical history of anxiety, obstructive sleep apnea, nicotine use, gastroesophageal reflux disease, status post right knee septic arthritis and status post right total knee replacement.

Dr. Asaro indicated*: In this claimant, she had a right knee infection which needed to recover for a minimum of one year prior to having the right knee joint replacement and so it is not unusual that she would still be having difficulty with kneeling, squatting and climbing stairs. It may take a full year to recover from a total knee replacement and in this claimant perhaps longer as she had the right knee infection prior to her knee replacement.*

*Taking into consideration, the medical records submitted, the individual claimant and the entire clinical picture, from 3/22/22 to the present, restrictions and limitations of lifting limited to 10 pounds, frequently sitting with change of position as needed for comfort, occasional standing and walking, minimal stair climbing and no kneeling or squatting.*

This file was referred to a Vocational Counselor and this claim was approved and paid through the change in definition of disability from *Own Occupation* to *Any Occupation.* A vocational review and transferrable skills analysis was conducted based on prior work history, training, education, experience, age, physical and mental capacity and the restrictions and limitations outlined by the medical review. The analysis showed Kimberly demonstrated the following skills and abilities:

***Skills & Abilities:*** *Applying technical knowledge, common sense, and special medical skills to care*

*for or treat sick or handicapped people; using eyes, hands, and fingers skillfully; adapting quickly to emergency situations; instructing, planning, and directing work of others; keeping accurate records; and distinguishing shapes, forms, and colors. Able to gather and analyze data and reach appropriate conclusion. Solves problems in a timely manner. Possesses interpersonal skills to deal with emotional or difficult situations. Responds promptly to customer's needs. Basic knowledge of computer applications.*

Based on a review of the restrictions and limitations it was concluded Kimberly has the ability to perform the following occupation(s***):***

| | |
|---|---|
| *Classification Clerk* | *$3,107.87* |
| *Order-Control Clerk, Blood Bank* | *$3,172.00* |
| *Correspondence-Review Clerk* | *$3,225.73* |
| *Tourist-Information Assistant* | *$3,263.87* |
| *Dispatcher, Maintenance Service* | *$3,735.33* |
| *Compiler* | *$4,073.33* |

The disability case manager then concluded Kimberly was not disabled from Any Occupation and no further benefits were payable. Upon receipt of your appeal this file was referred to the Claims Resolution Unit.

During the review of this appeal, this claim was reviewed by Renuka Rudra M.D., an independent physician who is board certified in physical medicine and rehabilitation. Based on the review of the medical records, Dr. Rudra indicated the following diagnoses: unilateral primary osteoarthritis of the right knee, arthritis of both knees, low back pain, status post right knee replacement and partial tear of the rotator cuff.

Dr. Rudra noted, "*During the timeframe in question, the claimant is assessed by Dr. Kelly Pucek from 01/04/24 through ongoing. The claimant had examination findings of limited range of motion of the right knee, positive impingement signs to the right shoulder, limited range of motion of the right shoulder, crepitus around the AC joint, diffuse tenderness to palpation, paraspinal muscle spasms of the low back, tenderness in both sciatic notches, negative straight leg raise test, good range of motion of the right knee on 05/14/24, small effusion, diffusely tender of the right knee, and weakness with abduction and external rotation of the right shoulder. It is noted that the claimant is waiting on shoulder surgery. The treating provider had placed the claimant completely unable to work on 05/14/24. There was an IME noted on 01/20/24 by Dr. R. Asaro stating the opinion that the claimant would be restricted to sedentary duties. As of 03/15/24, Dr. Michael Weston had performed an MRI of the right shoulder revealing intermediate grade articular surface tear of the supraspinatus, peritendinous cyst in the bicipital groove, mild biceps long head tenosynovitis, and mild AC joint degenerative change.*

*Due to the claimant having a history of total knee replacement on the right in May 2023, a history of MRI findings consistent with full chondral thinning and fissuring on the right knee, MRI findings during the timeframe in the question of the right shoulder revealing partial tear of the rotator cuff, limited range of motion of the right knee, small effusion, diffusely tender of the right knee and right shoulder, limited range of motion of the right shoulder, weakness with abduction and external rotation of the right shoulder, paraspinal muscle spasms of the low back, diffuse tenderness to palpation of the low back, crepitus of the AC joint, and positive impingement signs*

*found on exam, it would be appropriate that the claimant be restricted from 06/20/24 and ongoing.*

*Supported restrictions and limitations from 06/20/24 through current include:*

*Sitting: 30 minutes per day for up to six hours per day with the ability to alter her position as needed.*
*Standing: up to 10 minutes at one time for a total of 2 hours per day*
*Walking: up to 10 minutes at one time for a total of 2 hours per day*
*Reaching Overhead: never on the right and unrestricted on the left*
*Reaching Desk Level: unrestricted bilaterally*
*Reaching Below Waist: occasionally bilaterally*
*Handle, Finger, and Feel: unrestricted bilaterally*
*Simple/Firm grasping unrestricted bilaterally*
*Lifting and carrying: 10 pounds occasionally and 5 pounds frequently bilaterally*
*Pushing and pulling: 10 pounds occasionally and 5 pounds frequently bilaterally*
*Bending: occasionally*
*Stooping: occasionally*
*Twisting: occasionally*
*Squatting: occasionally*
*Kneeling: occasionally*
*Never climbing or operating heavy machinery*
*No additional physical activity restrictions are supported.*

*The medical evidence does support the claimant can sustain reliable full-time capacity within the identified restrictions as the claimant has no signs of altered gait, no signs of altered sensation, no signs of loss of strength in the lower back or right knee, the claimant is 18 months out from the total right knee arthroplasty, and findings consistent with limited range of motion, tenderness, and impingement of the right shoulder would allow the claimant to perform within the given restrictions eight hours per day and five days per week at a full-time capacity within the timeframe in question.*

This file was referred for an updated Transferrable Skills Analysis (TSA) based on the above noted restrictions and limitations. This TSA concluded the prior identified occupations based on these updated capacities, all but one of the previously-identified occupations remain viable. Order Control Clerk, Blood Bank was eliminated secondary to the reaching restrictions/limitationss.

On December 9, 2024, your office was sent copies of the medical reports completed by Renuka Rudra and the updated TSA and afforded the opportunity to review and submit documentation or a response to this report for consideration with this appeal. Additionally, we advised you Dr. Rudra deferred comment on any psychiatric or cardiac conditions; you were provided the opportunity to submit any records pertaining to these conditions. We asked that any response be provided by January 2, 2025; we have not been provided with an updated records relative to these conditions.

On January 6, 2025, we received the written response provided from your office. You noted Dr. Rudra lists what he believes to be Ms. Kindle’s restrictions and limitations based on the medical records without examining her. You noted Dr. Pucek states Ms. Kindle cannot kneel, squat, or use stairs. You indicated Dr. Pucek’s opinions should be given more weight than the opinion of those

who simply review medical records. Without accurate restrictions and limitations Lincoln cannot perform an accurate vocational assessment.

Please note that TSA conducted in January 2024 outlines the following restrictions and limitations which are consistent with Dr. Pucek's assessment and restrictions: *Lifting limited to 10 pounds, frequently sitting with change of position as needed for comfort, occasional standing and walking, minimal stair climbing and no kneeling or squatting.* The TSA identified sedentary occupations: *Classification Clerk, Order-Control Clerk, Blood Bank, Correspondence-Review Clerk, Tourist-Information Assistant, Dispatcher, Maintenance Service, and Compiler.*

The updated TSA conducted on appeal incorporated additional restrictions regarding overhead shoulder use on the right side "*Reaching Overhead: never on the right*" and this added restriction eliminated one of the previously identified occupations. Based on these updated capacities, all but one of the previously identified occupations remain viable.

Your statements have been considered and the additional information submitted with this appeal request have been reviewed. Based on the totality of the information contained in this file, including medical reviews and vocational assessments, the medical does not support restrictions and limitations rendering Kimberly continually unable to perform the duties of Any Occupation as of June 20, 2024.

Our role in reviewing this file is to determine whether the medical condition and the medical documentation contained in this file supports that Kimberly Kindle is unable to perform the material and substantial duties of Any Occupation beyond June 20, 2024. We are not required to ensure the availability of this occupation or that she returns to active employment with her former employer in the same or different position.

It is important to clarify that the existence of a medical condition/diagnosis in and of itself does not equate to eligibility for long term disability benefits. The focus of our assessment is not whether or not a condition exists; but rather whether or not impairment exists that would preclude one from performing the duties of Any Occupation. We take into consideration medical and vocational factors to determine whether or not impairment is supported.

This appeal review and analysis considered all the medical and claim documentation contained in your Long-Term Disability administrative record, whether or not specifically referenced in this document. Based on our review the totality of information does not support an inability to perform the material and substantial duties of Any Occupation. As such, Kimberly Kindle no longer satisfies the definition of Disability under the LTD Policy.

**Conclusion**

We conducted a thorough and independent review of this entire claim. In summary, we acknowledge that Kimberly may have continued to experience some symptoms associated with her condition beyond June 20, 2024. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting symptoms and impairments from a physical or psychological condition remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering her unable to perform the duties of Any Occupation.

Having carefully considered all of the information submitted in support of this claim, our position remains that proof of continued disability in accordance with the Policy provisions after June 20, 2024, has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Plan provisions.

**Policy Provisions**

In order to continue receiving benefits, one must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*

1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

    *i that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

    *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

*"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*

*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*

*Proof must be submitted in a form or format satisfactory to Lincoln.*

***Discontinuation of the Long-Term Disability Benefit***

*The Monthly Benefit will cease on the earliest of:*

*9. the date the Covered Person is no longer Disabled according to this policy*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by The Lincoln National Life Insurance Company and to submit any additional information you wished to be considered as part of the appeal. The Lincoln National Life Insurance Company has conducted a full and fair review of your appeal and accompanying materials and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by The Lincoln National Life Insurance Company and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The American Health Companies Group Disability Income Policy contains the below provision:

**Legal Proceedings**

*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

The date on which the contractual limitations period expires for this claim is April 7, 2028.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any The Lincoln National Life Insurance Company rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

In our review of this claim, The Lincoln National Life Insurance Company has fully considered the Social Security Administration's ruling to approve Social Security Disability benefits. It should be noted, however, that while we have fully considered the Social Security Administration's ruling, the decision by the Social Security Administration does not determine entitlement to benefits under the terms and conditions of American Health Companies Policy. Moreover, The Lincoln National Life Insurance Company has obtained and considered medical records and vocational reviews that were not considered by the Social Security Administration in its determination process

.
If you require language translation assistance, please contact The Lincoln National Life Insurance Company to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata’ hane’go shíká a’doowoł nínízingo saad hosíníłį́į’ dóó ná’ookąąh nííní’ą́ągo naaltsoos nííníłtsoozígíí hazho’ó bik’idi’deeshtį́įł nínízingo doo bą́ąh ílínígóó níká a’doowoł éí biniiyé shił hodíílnih áko ákwe’égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Courtney G.
Claim Resolution Specialist
Phone No.: (888) 437-7611 Ext. 13301
Secure Fax No.: (603) 334-0401